UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JENNIFER GRANT, | NO. CIV. 2:10-1117 WBS KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| WMC MORTGAGE CORP., a California corporation; SHEA MORTGAGE INC., a California corporation; STEWART TITLE COMPANY OF SACRAMENTO, a California corporation; WELLS FARGO BANK, N.A. dba AMERICA'S SERVICING COMPANY, a corporation; JENNIFER TALLEY, as an individual and acting as an agent for and on behalf of WMC Mortgage Corp.; MIKE SMITH, as an individual and acting as an agent for and on behalf of Shea Mortgage Inc.; NDEX WEST, LLC, a Delaware limited liability company; BARRETT DAFFIN FRAPPIER TREDER & WEISS, a limited liability partnership; DEUTSCHE BANK NATIONAL TRUST COMPANY; and DOES 1 through 100, inclusive, | |
| Defendants. | |

1

----oo0oo----

Plaintiff Jennifer Grant brought this action against defendants WMC Mortgage Corp. ("WMC"), Shea Mortgage, Inc. ("Shea"), Stewart Title Company of Sacramento ("Stewart"), Wells Fargo Bank, N.A. dba America's Servicing Company ("ASC"), Jennifer Talley, Mike Smith, NDEX West, LLC ("NDEX"), Barrett Daffin Frappier Treder & Weiss ("Barrett Daffin"), and Deutsche Bank National Trust Company ("Deutsche Bank") arising out plaintiff's mortgage transaction.  Presently before the court is defendants ASC and Deutsche's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.   Factual and Procedural Background

In December 2005, plaintiff entered into discussions with Mike Smith, an agent for Shea, to broker a mortgage loan to purchase the property located at 3533 20th Avenue in Sacramento, California.  (Compl. ¶¶ 11-12.)  On April 3, 2006, plaintiff obtained a $204,800 first and $51,200 second mortgage from WMC, secured by a Deed of Trust on the property.  (Id. ¶¶ 12, 15, 19.) Plaintiff alleges that she was lured into this loan by misrepresentations by Shea and WMC about the affordability and terms of the loan.  (Id. ¶¶ 91, 315-16.)  The Complaint further alleges that Shea and WMC failed to provide proper disclosures concerning the terms of the loan in violation of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f.  (Id. ¶¶ 20, 199, 203, 216-247.)

ASC eventually became the servicer of plaintiff's loan.  (Id. ¶¶ 31-32.)  Plaintiff eventually defaulted on the loans and

1 ASC commenced foreclosure proceedings.  (Id. ¶¶ 146-47.)  ASC and
2 NDEX filed a Notice of Default and Election to Sell Under Deed of
3 Trust in Sacramento County on April 3, 2009.  (Def.'s Req.
4 Judicial Notice Ex. B.)  NDEX subsequently filed a Notice of
5 Trustee Sale on plaintiff's property on July 20, 2009.  (Id.)
6       On January 13, 2010, plaintiff allegedly sent ASC a
7 Qualified Written Request ("QWR") pursuant to the Real Estate
8 Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.
9 (Compl. ¶ 512.)  ASC allegedly received the QWR on January 18,
10 2010 but failed to respond to plaintiff's request.  (Id. ¶¶ 513,
11 517.)
12       Plaintiff hired counsel who contacted ASC requesting
13 that the date of the foreclosure sale on her home be extended to
14 February 17, 2010.  (Id. ¶¶ 148-50.)  On February 4, 2010,
15 plaintiff's attorney contacted ASC and was allegedly informed by
16 an ASC agent that there was no foreclosure sale scheduled for
17 February 17, 2010.  (Id. ¶¶ 151-158.)  Plaintiff's attorney was
18 then referred to ASC's "Short Sale Liquidation Department" who
19 allegedly also told counsel that there was no foreclosure sale
20 date associated with plaintiff's property.  (Id. ¶¶ 165-68.)
21 However, a foreclosure sale did in fact take place on February
22 17, 2010, where defendants sold plaintiff's property to Deutsche.
23 (Id. ¶¶ 42, 170.)
24       Plaintiff subsequently filed this action in Sacramento
25 County Superior Court, which was subsequently removed to this
26 court on May 5, 2010.  (Docket No. 2.)  The Complaint alleges
27 eighteen state and federal claims against nine defendants.  ASC
28 filed a motion to dismiss those causes of action in the Complaint

3

against it on May 12, 2010, which Deutsche subsequently joined. (Docket No. 10.)

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

In general a court may not consider items outside the pleadings upon deciding a motion to dismiss, but may consider items of which it can take judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

ASC submitted a two requests for judicial notice. ASC

4

requests the court take judicial notice of several publically recorded documents related to plaintiff's mortgage. (Docket Nos. 7, 12.) The court will take judicial notice of these documents, since they are matters of public record whose accuracy cannot be questioned. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    A.   Conceded Claims

In response to defendants' motion, plaintiff submitted an opposition that conceded that many of plaintiff's claims must be amended to survive a motion to dismiss. Specifically, plaintiff requests that the court grant her leave to amend her claims for wrongful foreclosure, breach of contract, breach of the implied covenant of good faith and fear dealing, violations of TILA, violations of RESPA, and fraud to cure various defects in pleading. Plaintiff also did not oppose defendants' arguments in favor of dismissal of her claims under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788.1-1788.33; California Civil Code sections 1916.7(1)(c), 1916.7(b)(2), 1918.5-1921, 1916.7(A)(8), and 1637; and California Financial Code section 50505. Accordingly, the court will grant defendants' motion to dismiss these claims and give plaintiff an opportunity to amend them so as to cure the defects noted by defendants.

    B.   Intentional Infliction of Emotional Distress Claim

The elements for the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

5

plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . . Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." <u>Christensen v. Sup. Court</u>, 54 Cal.3d 868, 904 (1991) (internal quotations and citations omitted); <u>see also</u> <u>Cook v. Lindsay Olive Growers</u>, 911 F.2d 233, 239 (9th Cir. 1990).  For emotional distress to be severe, it must be "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." <u>Fletcher v. Western Nat'l Life Ins. Co.</u>, 10 Cal. App. 3d 376, 397 (1970).

        Plaintiff's intentional infliction of emotional distress incorporates the Complaint's earlier allegations and then simply states that "[d]efendants [sic] conduct as alleged herein relating to the foreclosure sale of Subject Property rises to the level of intentional infliction of emotional distress." (Compl. ¶ 189.)  Such a vague and conclusory claim, that fails to indicate specifically what conduct constituted intentional infliction of emotional distress and lumps all defendants together is plainly insufficient under the pleading requirements of Federal Rule of Civil Procedure 8.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949; <u>see also</u> <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).  The claim does even state that plaintiff suffered severe emotional distress as the result of ASC or Deutsche's conduct.  Accordingly, the court will grant ASC and Deutsche's motion to dismiss plaintiff's intentional infliction of emotional distress claim.

C. <u>Negligence Claim</u>

To prove a cause of action for negligence, plaintiff must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff injury." <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (2004). Plaintiff argues that the defendants had "a duty to deal with [p]laintiff in a manner so as not to recklessly or intentionally cause [her] harm." (Compl. ¶ 359.) The Complaint additionally avers that ASC had a duty to "honestly and fairly deal with [p]laintiff" and "abide by state and federal laws in dealing with [p]laintiff." (<u>Id.</u> ¶¶ 396-97.) ASC allegedly breached this duty by "failing to deal with [p]laintiff in an honest and fair manner" and "failing to abide by state and federal laws and rules . . . ." (<u>Id.</u> ¶¶ 398-99.)

First, the complaint's negligence claim against Deutsche is clearly inadequate because it does not mention any duty Deutsche owed to plaintiff as a purchaser of the subject property and does not so much as mention Deutsche by name. Second, plaintiff cites no authority for the proposition that ASC owed a duty to not cause plaintiff harm in its capacity as a loan servicer. Generally, "[a]bsent 'special circumstances' a loan transaction 'is at arms-length'" and no duties arise from the loan transaction outside of those in the agreement. <u>Rangel v.</u>

7

DHI Mortgage Co., Ltd., No. CV F 09-1035 LJO GSA, 2009 WL 2190210, at *3 (E.D. Cal. July 21, 2009) (quoting Oaks Management Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006)). Absent contrary authority, a pleading of an assumption of duty by ASC, or a special relationship, plaintiff cannot establish ASC owed her a duty of care. See Hardy v. Indymac Federal Bank, --- F.R.D. ---, No. CV F 09-935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009); Bentham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232, at *2-3 (N.D. Cal. Sept. 1, 2009). The Complaint pleads no such circumstances, and accordingly the court will grant defendants' motion to dismiss plaintiff's negligence claim.

D.   Breach of Fiduciary Duty Claim

The elements of a breach of fiduciary duty claim are (1) existence of a fiduciary relationship; (2) breach of the fiduciary duty; and (3) damage proximately caused by that breach. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003). "The absence of any one of these elements is fatal to the cause of action." Pierce v. Lyman, 1 Cal. App. 4th 1093, 1101 (1991). Aa previously noted, "[a]bsent special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." Rangel, 2009 WL 2190210, at *3. Plaintiff has not plead any special circumstances that would indicate that ASC acted as anything other than a typical servicer. The Complaint has therefore not plead the existence of a fiduciary relationship between plaintiff and ASC, and the court must accordingly grant ASC's motion to dismiss the breach of fiduciary duty claim.

1               E.    California's Unfair Competition Law Claim

2               California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

               Plaintiff's UCL claim is vague and conclusory, simply alleging that "the [d]efendants' acts, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices . . . ." (Compl. ¶ 459.) Plaintiff's claim lumps all defendants together and fails to identify any specific act taken by any one of the named defendants. Such vague and conclusory allegations are insufficient to inform defendants as to their liability. See Gauvin, 682 F. Supp. at 1071; see also Lingad v. Indymac Fed. Bank, No Civ. 2:09-02347 GEB JFM, --- F. Supp. 2d ----, 2010 WL 347994, at *11 (E.D. Cal. Jan. 29, 2010). Plaintiff's claim also appears to be based solely on the other claims in the Complaint, which the court has already indicated it will dismiss. Accordingly, the court will grant ASC and Deutsche's motion to dismiss plaintiff's UCL claim.

               IT IS THEREFORE ORDERED that ASC and Deutsche's motion to dismiss plaintiff's complaint as to ASC and Deutsche be, and the same hereby is, GRANTED.

               Plaintiff has twenty days from the date of this Order

to file an amended complaint, if she can do so consistent with this Order.

DATED:  June 17, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE