UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JENNIFER GRANT,<br><br>       Plaintiff,<br><br>   v.<br><br>WMC MORTGAGE CORPORATION; SHEA MORTGAGE, INC.; WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,<br><br>       Defendants.<br>_____/ | NO. CIV. 2:10-1117 WBS JFM<br><br><u>MEMORANDUM AND ORDER RE: ORDER TO SHOW CAUSE AND REMAND OF ACTION</u> |

----oo0oo----

On March 4, 2010, plaintiff Jennifer Grant brought this action in state court against defendants WMC Mortgage Corporation, Shea Mortgage, Inc., Stewart Title Company of Sacramento, Wells Fargo Bank, N.A. dba America's Servicing Company ("ASC"), Jennifer Talley, Mike Smith, NDEX West, LLC, Barrett Daffin Frappier Treder & Weiss, and Deutsche Bank National Trust Company ("Deutsche Bank") arising out of plaintiff's mortgage transaction.  Plaintiff alleged violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f, and Real

1

Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, and asserted various state law claims.  ASC removed the action from state court, and this court subsequently granted ASC and Deutsche Bank's motion to dismiss plaintiff's Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff subsequently filed a First Amended Complaint ("FAC").  On September 15, 2010, the court ordered the parties to show cause why this action should not be remanded to state court in light of plaintiff's abandonment of the federal claims in the FAC. (Docket No. 21.)  Plaintiff filed a brief arguing for remand and ASC filed a brief arguing against remand.  (Docket Nos. 22-23.)  WMC and Shea did not file briefs.  The court now decides whether to remand plaintiff's FAC.

        A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal courts also have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

        "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments . . . ."  Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (quoting Sparta

1  Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, 159 F.3d 1209,
2  1213 (9th Cir. 1998)) (internal quotation marks omitted).
3  However, a district court "may decline to exercise supplemental
4  jurisdiction . . . [if] the district court has dismissed all
5  claims over which it has original jurisdiction."  28 U.S.C. §
6  1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999,
7  1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district
8  court may decide sua sponte to decline to exercise supplemental
9  jurisdiction).
10          Judicial economy, fairness, convenience, and comity
11 inform a court in deciding whether to decline to exercise
12 supplemental jurisdiction.  Acri, 114 F.3d at 1001.  The Supreme
13 Court has stated that "in the usual case in which all federal-law
14 claims are eliminated before trial, the balance of factors to be
15 considered under the pendent jurisdiction doctrine--judicial
16 economy, convenience, fairness, and comity--will point toward
17 declining to exercise jurisdiction over the remaining state-law
18 claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7
19 (1988).
20          The court can find no reason that this is not a usual
21 case in which all federal claims are eliminated well in advance
22 of trial.  Comity weighs in favor of declining to exercise
23 supplemental jurisdiction because all the claims in the FAC
24 against the remaining three defendants are state law claims.  The
25 state court is competent to hear the case and may have a better
26 understanding of the relevant state law.
27          As for judicial economy, this action is still in the
28 early stages.  The court has only decided ASC and Deutsche Bank's

3

motion to dismiss the initial Complaint.  Judicial economy does not weigh in favor of exercising supplemental jurisdiction.

Lastly, convenience and fairness do not weigh in favor of exercising supplemental jurisdiction.  The state and federal fora are equally convenient for the parties.  There is no reason to doubt that the state court will provide an equally fair adjudication of the FAC.  Accordingly, the court will remand this action to state court.

IT IS THEREFORE ORDERED that this action be, and the same hereby is, REMANDED to Superior Court of the State of California in and for the County of Sacramento.

DATED:  October 1, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4